UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LONG ISLAND HOUSING SERVICES, INC., PHILIP KNEER, and PATRICIA FLYNN-KNEER,

                Plaintiffs,

v.

GERMAN-AMERICAN SETTLEMENT LEAGUE, INC.,

                Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 13 2016 ★
LONG ISLAND OFFICE

Case No. 15 Civ. 05987 (JMA)(AYS)

**SETTLEMENT AGREEMENT AND ORDER**

WHEREAS, Long Island Housing Services, Inc. (hereinafter, referred to as "LIHS"), Philip Kneer and Patricia Flynn-Kneer (together, referred to as the "Kneers") (hereinafter, collectively referred to as "Plaintiffs") filed a Complaint against German-American Settlement League, Inc. (hereinafter, referred to as "Defendant") on October 19, 2015 in United States District Court for the Eastern District of New York under Case No. 15 Civ. 05987 (the "Complaint");

WHEREAS, in the Complaint, Plaintiffs alleged, among other things, that Defendant discriminated against the Kneers on the basis of race and national origin in violation of the Civil Rights Act of 1866, the federal Fair Housing Act, the New York State Human Rights Law, and the Suffolk County Human Rights Law;

WHEREAS, Plaintiffs and Defendant wish to voluntarily resolve all claims raised by Plaintiffs in the Complaint, according to the terms set forth in this Settlement Agreement (the "Agreement"), as a compromise to avoid the cost and uncertainty of litigation;

1

WHEREAS, Defendant has denied all allegations of wrongdoing and liability as set forth in the Complaint and by entering into this Agreement Defendant does not admit, and expressly denies, any violation of law or any liability to Plaintiffs, or to anyone else as a result of, or growing out of, the matters and allegations set forth in the Complaint, or which could have been raised in the Complaint; and

WHEREAS, Plaintiffs and Defendant have voluntarily agreed to the terms of this Agreement and jointly request that it be so-ordered by the Court, as indicated by the signatures appearing below:

**IT IS HEREBY AGREED** by and between Plaintiffs and Defendant that:

**I.     TERM AND SCOPE OF AGREEMENT**

1. All obligations under this Agreement, unless otherwise specified, shall commence within thirty (30) days from the date this Agreement is so-ordered by the Court and shall continue for a period of four (4) years from that date.

2. This Agreement shall be binding on Plaintiffs and Defendant and any of their owners, employees, officers, heirs, assigns, subsidiaries, or successors in interest, unless otherwise specified.

3. The terms of this Agreement shall apply to the policies, procedures, and operation of the Defendant, located in Yaphank, New York, unless otherwise specified.

4. All notices from Plaintiffs to Defendant shall be sent, in writing, via certified mail to the attention of: "President of German-American Settlement League, Inc." located at P.O. Box 444, Yaphank, New York 11980. All notices issued by Defendant to Plaintiff LIHS shall be sent, in writing, via certified mail to the attention of Executive Director, Long Island Housing Services, 640 Johnson Avenue, #8, Bohemia, NY 11716. Defendant shall send all notices

required by this Agreement to the Kneers via the email address previously provided by the Kneers to Defendant. Defendant shall send all owner notices, bills, and Board minutes in a timely manner by the same e-mail address to the Kneers so long as the Kneers are members of the Defendant.

5.  Any time limits for performance imposed by this Agreement may only be extended by the mutual, written agreement of Plaintiffs and Defendant or by the Court after a finding of noncompliance or by the Court upon a party's application.

## II. MONETARY RELIEF

6.  Defendant shall pay Plaintiffs and their attorneys, Emery Celli Brinckerhoff & Abady LLP ("ECBA" or "Plaintiffs' counsel"), the total sum of One Hundred Seventy-Five Thousand Dollars and Zero Cents ($175,000) in full and final settlement of all of Plaintiffs' claims including, but not limited to, any alleged damages, attorneys' fees, and costs (the "Settlement Amount"). The payment shall be made payable to "Emery Celli Brinckerhoff & Abady LLP as attorneys for Plaintiffs Long Island Housing Services, Inc., Philip Kneer and Patricia Flynn-Kneer." Defendant shall deliver payment of the Settlement Amount to Emery Celli Brinckerhoff & Abady LLP, 600 Fifth Avenue, 10th Floor, New York, New York, 10020 via certified mail, return receipt requested. The Settlement Amount shall be paid in one (1) payment within thirty (30) days from the date this Agreement is so-ordered by the Court. Plaintiffs agree to deliver the Kneers' fully-executed, notarized Medicare Release, annexed hereto as Exhibit "F" to Defendant's attorneys within five (5) business days of the date the Court so-orders this agreement. Defendant shall not deliver the Settlement Amount to Plaintiffs' counsel until the Kneers' fully-executed, notarized Medicare Release has been received by Defendant's attorneys.

7. Plaintiffs acknowledge and agree that the consideration listed in this Agreement is sufficient consideration for the release being given by Plaintiffs in Paragraph 29 of this Agreement.

8. The Parties shall not file the fully-executed Stipulation and Order of Dismissal with Prejudice with the Court to dismiss the case until after the Settlement Amount is received by Plaintiffs' counsel. Defendant's counsel shall hold the Stipulation and Order of Dismissal with Prejudice in escrow until Plaintiffs' counsel's receipt of the Settlement Amount at the address specified in Paragraph 6. Plaintiffs' counsel must immediately notify Defendant's counsel within five (5) calendar days of Plaintiffs' counsel's receipt of the Settlement Amount, in writing and via email, that the Settlement Amount was received by Plaintiffs' counsel.

9. <u>Tax indemnification</u>. To the fullest extent permitted by law, Plaintiffs agree to hold Defendant and Defendant Releasees (defined in Paragraph 29) harmless against, and to indemnify Defendant and Defendant Releasees for any and all claims, determinations and assessments (and all related expenses, including, without limitation, all attorneys' fees and costs incurred by Defendant and Defendant Releasees) made by the IRS or any other taxing authority or governmental agency (whether federal, state or local) against Defendant and Defendant Releasees directly relating to, concerning or arising out of payment of the Settlement Amount to Plaintiffs, including, without limitation, any claim, determination or assessment relating to, concerning or arising out of required reporting or disclosure obligations under applicable law, or for any payment (including, without limitation, all penalties and interest) to the IRS or any other taxing authority or governmental agency (whether federal, state or local) that Defendant and Defendant Releasees must make with respect to such claims, determinations or assessments. The Parties further agree that: (a) Defendant and/or Defendant Releasees will give Plaintiffs notice of

4

any such claim, determination or assessment within a reasonable time after receiving notice of any such claim, determination or assessment and prior to incurring any related expenses; and (b) Plaintiffs will reasonably cooperate with Defendant and Defendant Releasees in connection with any such claim, determination or assessment.

### III. GENERAL INJUNCTIVE RELIEF

10. Defendant shall not discriminate against any persons on the basis of race or national origin regarding the sale, transfer, rental or lease of a dwelling, housing accommodation, or real or personal property in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982; the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; the New York State Human Rights Law, New York Executive Law § 290 *et seq.*; and the Suffolk County Human Rights Law, Suffolk County Local Law Chapter 258-9.

11. Defendant agrees not to take any action which would coerce, intimidate, threaten, or interfere with Plaintiffs herein, in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of rights guaranteed by the federal Fair Housing Act and state and local fair housing laws pertaining to discrimination based on race or national origin.

### IV. FAIR HOUSING POLICIES AND PRACTICES

12. Defendant shall comply with federal, state and local fair housing laws.

13. Defendant will consider all prospective buyers submitted by the Kneers for membership with Defendant in a manner that is not unlawfully discriminatory.

14. Defendant will renew the Kneers' current lease until the Kneers' home is sold so long as the Kneers are members in good standing and have complied with their lease terms, including, but not limited to, timely paying their fees and taxes.

15. Defendant shall not transfer any of the costs of this settlement to the Kneers, including through increased fees, increased annual lease payments, or other assessment. Defendant shall be entitled to increase fees, annual lease payments, or other assessments for all members, including the Kneers, for reasons unrelated to the cost of this settlement.

16. Defendant shall refrain from using in the future, any symbols, insignia, diagrams or other graphic or pictorial designs on Defendant's property that incorporate Nazi-related images.

17. Defendant shall adopt and distribute the Constitution and By-Laws attached hereto as Exhibit "A" (the "By-Laws") to all current members of the Defendant. Defendant shall not modify or amend Article III and Article XIV, Sections 8, 9, and 18 of the By-Laws during the term of the Agreement, unless required by law. Defendant shall provide LIHS with prior written notice of any amendments to the By-Laws proposed during the term of the Agreement, in accordance with Paragraph 4.

18. Defendant will send by certified mail the letter attached hereto as Exhibit "B" to the Long Island Board of Realtors ("LIBOR"). Defendant will place an ad in the LIBOR newsletter only once every quarter during Year 1 of this Agreement, including in said ad the content stated in the letter attached as Exhibit "B." Defendant will provide Plaintiff LIHS with a copy of the signed letter and certified mail receipt within thirty (30) days of the date of the signed receipt, in accordance with Paragraph 4.

19. Defendant will send by certified mail the letter attached as Exhibit "C" to the Town of Brookhaven and Suffolk County Human Rights Commission. Defendant will provide Plaintiff LIHS with a copy of the signed letter and certified mail receipt within thirty (30) days of the date of the signed receipt, in accordance with Paragraph 4.

6

20. Defendant will include the following in its membership application: "We are committed to equal housing opportunity. We do not discriminate based on race, color, national origin, ethnicity, sex, gender, religion, creed, disability, source of income, sexual orientation, familial status, age, marital status, military status, veteran status, and status as a victim of domestic violence." Defendant will also include the "equal housing opportunity" logo and the following contact information: New York State Division of Human Rights, State Office Building, 250 Veterans Memorial Highway, Suite 2B-49, Hauppauge, New York 11788; Telephone Number: (631) 952-6434; Website: www.dhr.ny.gov.

21. Defendant will adopt the extended lease agreement attached as Exhibit "D."

22. Defendant will modify the sign at the entrance of Defendant's community by replacing "Members and Guests Only" to "Homeowners and Guests Only."

### V. FAIR HOUSING TRAINING

23. Within ninety (90) days of the date this Agreement is so-ordered by the Court, LIHS will conduct an in-person fair housing training session for Defendant. LIHS will conduct an additional similar training session in Year 3 of this Agreement. Both training sessions shall be held in Defendant's clubhouse for members of the Board and Membership Investigating Committee, and all training shall be at no additional financial cost to Defendant. The cost of the training is included in the Settlement Amount paid by Defendant. Members of the Board and Membership Investigating Committee shall be required to attend both training sessions. All other members of the Defendant are welcome to attend each training session at no additional cost, but are not required to attend.

24. Defendant will require each person who attends the training to sign a written attendance log providing the date of the training and the person's name, home address, and position with Defendant (e.g. Board member, Committee member, General member).

## VI. RECORDKEEPING PROVISIONS

25. Defendant shall maintain original and/or copies of the following records throughout the term of this Agreement:

   a. An attendance list for all trainings conducted pursuant to this Agreement;

   b. Membership applications, including all related documents provided to Defendant as part of the application process, generated during the 4-year term of this Agreement;

   c. Leases generated during the 4-year term of this Agreement;

   d. Board and membership minutes generated during the 4-year term of this Agreement;

   e. Owner notices generated during the 4-year term of this Agreement;

   f. Copies and proof of mailing of letters annexed hereto as Exhibits "B" and "C;"

   g. Revised membership application form consistent with Paragraph 20 above; and

   h. Proposed and amended by-laws and leases generated during the 4-year term of this Agreement.

26. Defendant will agree to provide copies of the aforementioned records to LIHS upon written request with reasonable notice, in accordance with Paragraph 4, so long as all owner notices, membership applications, and lease agreements provided by the Defendant shall be kept confidential.

### VII. DISMISSAL OF COMPLAINT

27.     Upon Plaintiffs' counsel's receipt of the Settlement Amount, Defendant, by their counsel, shall file the fully-executed Stipulation and Order of Dismissal with Prejudice, providing for a dismissal of the Complaint and all claims and defenses by and against Defendant, together with any and all of Defendant's defenses and counterclaims against Plaintiffs, except without prejudice to Long Island Housing Services reopening the case by motion to enforce compliance with the Agreement. The Parties shall use Exhibit "E" as the form for the Stipulation. Except for as provided herein, both sides shall bear their own attorneys' fees and costs.

### VIII. RELEASES

28.     In exchange for Defendant's agreement to the terms set forth above, Plaintiffs hereby release, acquit, and forever discharge Defendant and all present and former privies, predecessors-in-interest, successors-in-interest, assigns, heirs, executors, administrators, trustees, parent organizations, affiliates, chapters, subsidiaries, predecessor organizations, successors, assigns, present or former board members, members, officers, directors, owners, shareholders, partners, employees, agents, insurers, counsel, attorneys, representatives, or any other parties ("Defendant's Releasees") with prejudice and subject to the terms of this Agreement, from any and all liability, claims, rights of action, damages and injuries of whatever nature whether presently known or unknown, including, but not limited to, claims for costs, expenses, and attorneys' fees, arising out of the subject matter alleged in the Complaint, which could have been filed in any action or suit arising from said subject matter, up to and including through the date of this Agreement and Order, including, but not limited to any and all alleged violations of the Civil Rights Act of 1866, 42 U.S.C. § 1982; the federal Fair Housing Act, 42 U.S.C. § 3601 *et*

9

*seq.*; the New York State Human Rights Law, New York Executive Law § 290 *et seq.*; and the Suffolk County Human Rights Law, Suffolk County Local Law Chapter 258-9.

29. Defendant hereby releases, acquits, and forever discharges Plaintiffs, with prejudice and subject to the terms of this Agreement, from any and all claims, demands, causes of action, or liabilities, at law or in equity arising that Defendant has against Plaintiffs as of the date the Agreement is fully executed.

30. The Kneers shall sign and notarize the Medicare release attached as Exhibit "F," at the same time that they execute this Agreement. The Kneers will provide their executed Medicare Release and Agreement to Defendant's attorney via email and mail. Defendant will instruct its attorneys to provide the executed Medicare Release only to Defendant's liability insurance carrier. The executed release, including any portion of the executed release that contains personal information such as Social Security number, date of birth, and address shall not be provided to GASL or any member of GASL and shall only be used for the purpose of providing the information in the release to The Center for Medicare and Medicaid Services as required by law.

## IX. ADMINISTRATION OF AGREEMENT

31. The United States District Court for the Eastern District of New York shall retain jurisdiction to enforce the terms of this Agreement upon the filing of an appropriate motion by either party.

32. The Parties to this Agreement shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Agreement prior to filing a motion with the Court to enforce and/or modify this Agreement.

10

33. This Agreement shall be deemed to have been jointly drafted by the Parties and no provision herein shall be interpreted or construed for or against any Party because such Party drafted or requested such provision, or this Agreement as a whole.

## X. SEVERABILITY

34. If any provision of this Agreement is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Agreement shall endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision shall materially affect the intent of this Agreement. The Parties to this Agreement shall consult and use their best efforts to agree upon a valid and enforceable provision that shall be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Agreement.

## XI. MISCELLANEOUS

35. This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein. The Parties agree that drafts, notes, e-mails and other communications among the parties regarding their negotiation of the terms of this Agreement are considered confidential settlement information ("Confidential Settlement Information"). Confidential Settlement Information does not include this Agreement and its exhibits or any documents filed with the United States District Court, Eastern District of New York. The Parties further agree that they will not disclose Confidential Settlement Information to any person or entity not a party to this Agreement and will direct their legal counsel not to disclose Confidential Settlement

Information, unless a court orders disclosure of the documents. If any party is served with legal process, such as a subpoena, requesting disclosure of Confidential Settlement Information, that party will provide a copy of the subpoena to the other parties within five (5) business days of service.

36. The Parties expressly represent and warrant that they have full legal capacity to enter into this Agreement, that they have carefully read and fully understand this Agreement, that they have had the opportunity to review this Agreement with their attorneys and that they have executed this Agreement voluntarily, without duress, coercion or undue influence.

37. This Agreement may be executed in any number of counterparts and each such counterpart shall be deemed to be an original. For purposes of executing this Agreement, a document signed and transmitted by facsimile or email shall be treated as an original document and have the same binding legal effect as an original signature on an original document.

**AGREED TO BY THE PLAINTIFFS:**

_____   _____
Philip Kneer                          Date

_____   _____
Patricia Flynn-Kneer                  Date

_____   _____
Long Island Housing Services, Inc.    Date


**AGREED TO BY THE DEFENDANT:**

_____   _____
Robert Kessler, President             Date
German-American Settlement League, Inc.

Information, unless a court orders disclosure of the documents. If any party is served with legal process, such as a subpoena, requesting disclosure of Confidential Settlement Information, that party will provide a copy of the subpoena to the other parties within five (5) business days of service.

36. The Parties expressly represent and warrant that they have full legal capacity to enter into this Agreement, that they have carefully read and fully understand this Agreement, that they have had the opportunity to review this Agreement with their attorneys and that they have executed this Agreement voluntarily, without duress, coercion or undue influence.

37. This Agreement may be executed in any number of counterparts and each such counterpart shall be deemed to be an original. For purposes of executing this Agreement, a document signed and transmitted by facsimile or email shall be treated as an original document and have the same binding legal effect as an original signature on an original document.

**AGREED TO BY THE PLAINTIFFS:**

_[signature]_  
Philip Kneer

1/6/16  
Date

_[signature]_  
Patricia Flynn-Kneer

01-06-16  
Date

_____  
Long Island Housing Services, Inc

_____  
Date

**AGREED TO BY THE DEFENDANT:**

_[signature]_  
Robert Kessler, President  
German-American Settlement League, Inc.

1-7-2016  
Date

Information, unless a court orders disclosure of the documents. If any party is served with legal process, such as a subpoena, requesting disclosure of Confidential Settlement Information, that party will provide a copy of the subpoena to the other parties within five (5) business days of service.

36. The Parties expressly represent and warrant that they have full legal capacity to enter into this Agreement, that they have carefully read and fully understand this Agreement, that they have had the opportunity to review this Agreement with their attorneys and that they have executed this Agreement voluntarily, without duress, coercion or undue influence.

37. This Agreement may be executed in any number of counterparts and each such counterpart shall be deemed to be an original. For purposes of executing this Agreement, a document signed and transmitted by facsimile or email shall be treated as an original document and have the same binding legal effect as an original signature on an original document.

**AGREED TO BY THE PLAINTIFFS:**

_____     _____
Philip Kneer                                              Date

_____     _____
Patricia Flynn-Kneer                                   Date

_*[signature]*_____     _1/7/2016_____
Long Island Housing Services, Inc.               Date

**AGREED TO BY THE DEFENDANT:**

_____     _____
Robert Kessler, President                          Date
German-American Settlement League, Inc.

12

AGREED TO AS TO FORM ONLY:

Dated: 1/7/16

EMERY CELLI BRINCKERHOFF &
ABADY LLP

By: _Diane L. Houk_
Diane L. Houk
O. Andrew F. Wilson
600 Fifth Avenue, 10th Floor
New York, NY 10020

*Attorneys for Plaintiffs*

Dated: 1/7/16

MILBER MAKRIS PLOUSADIS &
SEIDEN LLP

By: _____
Christo Hadjicharalambous

1000 Woodbury Road, Suite 402
Woodbury, NY 11797

*Attorneys for Defendants*


It is so ORDERED this 13th day of January 2016.

s/ Joan M. Azrack
HON. JUDGE JOAN M. AZRACK
UNITED STATES DISTRICT COURT JUDGE

13